·CÁNDIDO RIVAS, Plaintiff and Appellee, v. ANACLETO RENTA ET AL., Defendants and Appellants.

No. 8893. Argued May 9, 1944.—Decided July 3, 1944.

*Felipe Colón Díaz* for appellants.   *Ramón G. Goyco* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

During 1934 and 1935 the defendants became indebted to a commercial firm on an open account in the amount of $575. To secure the payment of this debt, the defendants on January 14, 1935 executed a purported deed of conveyance by which they "conveyed" to the said firm a certain house belonging to them. This deed specifically provided that the vendors "sell, grant and transfer" to the firm herein "the above-described house with all its appurtenances, transferring with the possession the ownership of the same, as well as their homestead right thereon . . . ". On the same date the so-called purchaser executed an instrument by which the defendants were granted the right to reacquire the said house within a year for $575. Both parties agree that the transaction as a whole was a security transaction, to secure the payment of the debt in question. It is also not disputed that the alleged purchaser herein having failed to enter into material possession, the deed in question was in legal effect a mortgage, pursuant to §1410 of the Civil Code, 1930 ed.

Through a transaction with which we are not here concerned, the plaintiff obtained from the commercial firm in question an assignment of all its right, title, and interest in the conveyance—the mortgage—and the debt which it secured. The plaintiff's efforts to collect the debt from the

defendants having proved unsuccessful, the plaintiff filed suit and obtained judgment against the defendants for $575, the amount of the debt herein. This judgment was not appealed from and is *"firme"*. Execution of said judgment was had by attachment of the house herein and public sale thereof to the plaintiff.

The instant case arose through the attempt of the defendants to exercise their alleged homestead rights, purportedley pursuant to §5, Act No. 87, Laws of P. R., 1936, the Homestead Act of 1936, by motion as an incident within the collection suit, in which judgment, as already noted, had been entered against them and from which they did not appeal. This is an appeal from the order of the district court overruling the motion of the defendants setting up their homestead claim.

The plaintiff makes certain contentions as to the failure of the defendants to comply with allegedly jurisdictional requirements of Act No. 87 of 1936. This case is also unusual in that the plaintiff obtained at a public sale title to the property on which he already held a mortgage as security for the debt in question. But we need not consider whether jurisdictional requirements have been fulfilled or whether in a collection suit brought under the circumstances herein homestead rights may be asserted.

The defendant's case fails for a more fundamental reason. The plaintiff now has title to this property through sale at public auction; he also has all the right, title, and interest of the grantee in a conveyance in which the defendants "sold" the property herein to secure a debt. In this latter conveyance the defendants, as we have seen, specifically waived their homestead rights. Section 1 of Act No. 87 of 1936 provides that "This right of homestead is unrenounceable and any pact to the contrary is declared null". But that Act does not control this transaction, which was effected in 1935. We have held that transactions which took place prior

to 1936 are controlled by the previous Homestead Act, under which homestead rights could be waived, provided it was done expressly in the instrument of conveyance. (*Martínez* v. *Registrar*, 53 P.R.R. 591; *Crédito y Ahorro Ponceño* v. *Beveraggi*, 55 P.R.R. 629, 632; *Franceschi* v. *Claudio*, 51 P.R.R. 479, 485) and provided husband and wife both joined therein (*Santoni* v. *Llinás & Cía.*, 63 P.R.R. 192; *Ponceño* v. *Beveraggi, supra*, at p. 635; *Ramírez* v. *Registrar*, 39 P.R.R. 245). Both those requisites were fulfilled in this case. It remains only to add that under the Homestead Act which controls herein such a waiver could be included, as here, in an instrument creating a mortgage on the property in question (*Quiñones* v. *Rodríguez*, 58 P.R.R. 219).

For the reasons stated herein, the order of the district court overruling the motion of the defendants-appellants setting up a homestead claim will be affirmed.